UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

JONNIE MAE ROBINSON,

                              Plaintiff,

      -against-

METROPOLITAN LIFE INSURANCE COMPANY,
SKADDEN, ARPS, SLATE, MEAGHER & FLOM,
LLP, PLAN and PLAN ADMINISTRATOR,

                              Defendants.

------------------------------------------------------------------------x

**CIVIL ACTION**

05 CIV. 1534 (LLS)

**COMPLAINT**

ECF CASE

Plaintiff, JONNIE MAE ROBINSON (hereinafter referred to as "ROBINSON"), by her attorneys, McCormick Dunne & Foley, as and for her Complaint against the defendants, METROPOLITAN LIFE INSURANCE COMPANY, SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP PLAN and PLAN ADMININSTRATOR, sets forth, upon information and belief, as follows:

**JURISDICTION AND VENUE**

FIRST:        This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C.1001, et seq., and specifically 29 U.S.C. 1132(a)(1)(B).

SECOND:       Jurisdiction is vested in this Court pursuant to 29 U.S.C. 1132(e)(1) and (f).

<u>THIRD</u>:	Venue is proper pursuant to 29 U.S.C. 1132(e)(2), both because the subject breach took place in the Southern District of New York, and because one or more defendants reside or may be found in the Southern District of New York.

**THE PARTIES**

<u>FOURTH</u>:	Plaintiff, JONNIE MAE ROBINSON ('ROBINSON') is a natural person and a citizen of the State of South Carolina, residing in the town of Mount Pleasant.

<u>FIFTH</u>:	Upon information and belief, at all times hereinafter mentioned, defendant METROPOLITAN LIFE INSURANCE COMPANY ("MET LIFE") was and is either a corporation organized and existing pursuant to the laws of the State of New York, or a foreign corporation duly authorized to transact business in the State of New York.

<u>SIXTH</u>:	Upon information and belief, at all times hereinafter mentioned, defendant SKADDEN, ARPS, SLATE, MEAGHER and FLOM, LLP, (the "PLAN") was and is an "employee welfare benefit plan" and a "welfare plan," as defined by 29 U.S.C. 1002(1), and an "employee benefit plan" and a "plan," as defined by 29 U.S.C. 1002(3).

SEVENTH:	Upon information and belief, at all times hereinafter mentioned, defendant SKADDEN, ARPS, SLATE, MEAGHER and FLOM, LLP, was and is the "plan administrator" of the PLAN, as defined by 29 U.S.C. 1002(16)(A).

EIGHTH:	Upon information and belief, at all times hereinafter mentioned, METLIFE was and is a "claim administrator" of the PLAN.

## AS AND FOR A FIRST CAUSE OF ACTION

NINTH:	Plaintiff repeats and reiterates paragraphs "1" through "8", as if fully set forth at length herein.

TENTH:	As part of the PLAN, plaintiff was entitled to long-term disability benefits under an insurance policy underwritten by METLIFE and while said policy was in full force and effect, plaintiff became disabled within the meaning of said policy and filed a claim for benefits which was denied and her subsequent Appeal was also denied.  Both the decision not to honor plaintiff's long-term disability benefits, and the Appeal decisions affirming the decision to terminate Plaintiff's long-term disability benefits, were and are erroneous and in violation of Plaintiff's rights under ERISA.

ELEVENTH:	Accordingly, defendants are liable to Plaintiff's for the sum of all long term disability benefits wrongfully withheld from her since August of 2002, together with prejudgment interest at a rate to be established by the Court.

TWELFTH:    Additionally, plaintiff is entitled to have her long-term disability claim restored, and to receive long term disability benefits accrued and on a going-forward basis.

THIRTEENTH:    Lastly, Plaintiff is entitled to attorney's fees and costs pursuant to 29 U.S.C. 1132(g)(1).

**WHEREFORE,** JONNIE MAE ROBINSON, demands judgment against the defendants:

(i) awarding her the sum of all long term disability benefits wrongfully withheld from her since August 2002, together with prejudgment;

(ii) declaring that she is entitled to have her claim for long term disability benefits restored of a going-forward basis;

(iii) awarding her attorney's fees and costs pursuant to 29 U.S.C. 1132(g)(1); and

(iv) for such other and further relief as to this Court may seem just and proper.

McCORMICK DUNNE & FOLEY
Attorneys for Plaintiff

By: _____
PATRICK F. FOLEY (PFF 3311)
Office and P.O. Address
61 Broadway - Suite 2100
New York, New York  10006
(212) 363-1300