```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x
JONNIE MAE ROBINSON,                :
                                    :
              Plaintiff,            :   05 Civ. 1534 (LLS)
                                    :
         v.                         :   OPINION AND ORDER
                                    :
METROPOLITAN LIFE INSURANCE         :
COMPLANY, SKADDEN, ARPS, SLATE,     :
MEAGHER & FLOM, LLP, PLAN AND       :
PLAN ADMINISTRATOR,                 :
                                    :
              Defendants.           :
- - - - - - - - - - - - - - - - - -x
```

Plaintiff Jonnie Mae Robinson claims that Metropolitan Life Insurance Company ("MetLife"), the Skadden, Arps, Slate, Meagher & Flom, LLP ("Skadden") Plan and its Plan Administrator denied her application for long-term disability benefits in violation of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq.

Both sides move for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

## Discussion

While the parties dispute whether the standard of review should be de novo or "arbitrary and capricious," the administrator's conclusion cannot be upheld under either.

ERISA states that every employee benefit plan shall "afford a reasonable opportunity to any participant whose claim for

benefits has been denied for a full and fair review by the appropriate named fiduciary on the decision denying the claim." 29 U.S.C. § 1133(2).

Pursuant to 29 U.S.C. § 1135, the Department of Labor delineated the claims procedures that a disability benefits plan shall follow in order to provide a claimant "with a reasonable opportunity for a full and fair review of a claim and adverse benefit determination."  29 C.F.R. 2560.503-1(h)(4).  These procedures include:

> Provide that, in deciding an appeal of any adverse benefit determination that is based in whole or in part on a medical judgment, including determinations with regard to whether a particular treatment, drug, or other item is experimental, investigational, or not medically necessary or appropriate, the appropriate named fiduciary shall consult with a health care professional who has appropriate training and experience in the field of medicine involved in the medical judgment.

29 C.F.R. 2560.503-1(h)(3)(iii).  Citing this provision, Ms. Robinson argues that MetLife mistakenly referred her appeal to Dr. J.W. Rodgers, an internist and pulmonary specialist, rather than to a neurologist or neurosurgeon.

Among the documents Ms. Robinson submitted in support of her claim were forms in which she and Dr. Robert Holtzman, her neurosurgeon, explained the basis for her claim that she was eligible for long-term disability benefits.  The medical conditions they cited as forming the basis of Ms. Robinson's

-2-

claim were almost entirely neurological in nature.  In her initial claim form, Ms. Robinson stated that she was prevented from performing the duties of her job because of: "no control of left arm + shoulder-no feeling, pain in spine, paralicist [sic] of left side vocal cord, head aches, equalibrium, [sic] weakness [illegible] leg."  December 12, 2005 Affidavit of Karin T. Mohry, Ex. B, Vol. I, ML 0036.[1]  Similarly, in her "Personal Profile," Ms. Robinson listed as physical limitations related to her return to work: "vocal cords don't move on left side causes breathing problems, problem with balance, pain in spine, headaches, pain left arm, shoulder, lost [sic] of feeling on left side + weakness on left side head to toe."  Id., ML 0064. Dr. Holtzman diagnosed her with Syringomyelia[2] and Arnold Chiari Malformation[3] and noted his objective findings as: "Pain/loss of sensation & control L arm, shoulder, pain in spine, L sided paralysis of vocal cords, HA's [head aches?]."  Id., ML 0036. Dr. Holtzman stated that he had advised Ms. Robinson not to return to work because "Pt has extreme difficulty travelling to & from work, difficulty with prolonged sitting, standing and

---

[1] "ML ____" refers to the Bates stamped number at the bottom of each page of the exhibits submitted.
[2] Defined as "the presence in the spinal cord of longitudinal cavities lined by dense, gliogenous tissue, and not caused by vascular insufficiency; it is marked clinically by pain and paresthesia followed by muscular atrophy of the hands . . . ."  Stedman's Medical Dictionary 1400 (5th lawyer's ed. 1982).
[3] Defined as "malformation of the cerebellum (elongation of the cerebellar tonsils, and drawing of the cerebellum into the fourth ventricle) together with smallness of the medulla and pons and internal hydrocephalus . . . ." Id. at 368.

walking. All activities have been limited due to multiple problems co-morbidities." Id., ML 0041.

MetLife contends that Ms. Robinson had "multiple diagnoses and complaints," and it was therefore appropriate for her claim to be referred to an internist because "broad medical expertise was required to assess a wide range of diagnoses." February 3, 2006 Def. Opp. Mem. at 4-5. In addition, MetLife classified Ms. Robinson's primary problem as "breathing difficulty associated with the vocal cord paralysis and sleep apnea," requiring consultation with a pulmonary specialist like Dr. Rodgers. Id. at 5. While her medical file includes those complaints, they are not her "primary problems" as enumerated in her claim forms and the forms submitted by Dr. Holtzman.

More significantly, those particular ailments are not the basis of her claim for long-term disability. Rather, Ms. Robinson and Dr. Holtzman identify alleged neurological conditions that disable her, including loss of sensation and control and weakness on the left side of her body, pain in her spine and headaches. In her "Request for Claim Review," Ms. Robinson specifically requested that her appeal be reviewed by a doctor who could properly assess her neurological conditions:

> If possible can my claim be reviewed by a certified license Doctor who knows or would take the time to look up Syringomyelia Arnold Chiar I Malformation, because the problems I suffer with now is after having an operation to eliminate the pressure + fluid off my

> spine.  The surgery also reduce the cavity in my spine.

Mohry Aff., Ex. B., Vol. I., ML 0457.

Under the circumstances, MetLife should have referred Ms. Robinson's appeal to a neurological specialist, as having "appropriate training and experience in the field of medicine involved in the medical judgment." The effect of its referral to an internist and pulmonary specialist was to deny Ms. Robinson a full and fair review of her claim.

Nevertheless, there is no basis for granting Ms. Robinson's claim and directing MetLife to provide her with long-term disability benefits. The record evidence is insufficient to compel the finding that a reasonable fiduciary must grant her claim. A neurological specialist might conclude otherwise.

MetLife's denial of Ms. Robinson's claim for benefits under the LTD Plan is vacated and remanded back to MetLife for reconsideration after neurological consultation. See Miller v. United Welfare Fund, 72 F.3d 1066, 1073 (2d Cir. 1995)(remanding case with instruction to district court to return case to the Fund for reconsideration because "Although we find that the Trustees' decision was arbitrary and capricious, we do not conclude that Miller's claim necessarily should have been granted because we do not find that, upon the receipt of

additional evidence, a fiduciary could only have granted the claim").

## Conclusion

Defendants' motion for summary judgment is denied. Plaintiff's motion for summary judgment is granted to the extent that the case is remanded to MetLife for reconsideration after consultation with a neurological specialist. The Clerk will enter judgment accordingly.

So ordered.

DATED:   New York, New York
         May 12, 2006

                              _____
                              LOUIS L. STANTON
                                 U.S.D.J.